


RANDOM
JUDGE HUNT
MAGISTRATE JUDGE GILBERT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>ROBIN LAW, PLLC,<br>PULASKI KHERKHER, PLLC,<br>ROBIN RAYNISH, PLLC,<br>MICHAEL K. MITHOFF,<br>JEFFREY ROBIN,<br>ADAM K. PULASKI, and<br>AARON RAYNISH,<br><br>*Defendants*. | Case No. _____<br>**1:23-CV-04274**<br><br>**JURY TRIAL DEMANDED**<br><br>FILED<br>7/10/2023<br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT<br><br>JJ |

## **COMPLAINT**

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, against Defendants Robin Law, PLLC, Pulaski Kherkher, PLLC, Robin Raynish, PLLC, Michael K. Mithoff, Jeffrey Robin, Adam K. Pulaski, and Aaron Raynish, and alleges based on personal knowledge and information and belief:

### **INTRODUCTION**

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227.

1

3. This case involves a campaign by Defendants who placed illegal, automated calls/texts, concerning legal claims.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendants. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the calls were made. The calls were made for services being provided by Defendants within this district.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant Robin Law, PLLC ("Robin Law"), is an Arizona entity, with a principal address of 2450 Fondren Road, Suite 309, HOUSTON, TX, 77063, and a registered agent of Northwest Registered Agent LLC located at 1846 E Innovation Park Dr Ste 100, Oro Valley, AZ 85755.

9. Defendant Pulaski Kherkher, PLLC ("Pulaski Kherkher"), is a Texas entity, with a principal address of 2925 Richmond Ave Ste 1725 Houston, TX 77098-3136, and a registered agent of Adam K. Pulaski, located at the same address.

10. Defendant Robin Raynish, PLLC ("Robin Raynish"), is a Texas entity, with a principal address of 1805 Park St Houston, TX 77019-5707 and a registered agent of Ross Robin located at the same address.

11. Defendant Michael K. Mithoff ("Mr. Mithoff") is located at 811 Louisiana Street, Suite 2420, Houston, TX, 77002.

12. Defendant Jeffrey Robin ("Mr. Robin") is a Member of Robin Law, and is located at the same address.

13. Defendant Adam K. Pulaski ("Mr. Pulaski") is a Member of Pulaski Kherkher, and is located at the same address.

14. Defendant Aaron Raynish ("Mr. Raynish") is a Manager and Director of Defendant Robin Raynish and is located at 6136 Frisco Square Blvd Ste 400 Frisco, TX 75034.

15. Defendants are each a person as defined by 47 U.S.C. § 153(39).

16. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**STATUTORY BACKGROUND**

17. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

18. The TCPA provides a private cause of action to persons who receive such automated or -prerecorded calls. *See* 47 U.S.C. § 227(b)(3).

19. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

    [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

    I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

20. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

21. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

22. A listing on the Registry "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator." *Id.*

23. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

24. The TCPA requires entities and persons engaging in telemarketing meet minimum standards, including training their personnel concerning the rules regarding telemarketing. 47 C.F.R. §§ 64.1200(d)(1)-(d)(3); 47 C.F.R. § 64.1200(b).

25. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).

26. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

27. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

28. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

29. Individual party Defendants in this case directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

## ALLEGATIONS

30. The telephone calls alleged in this case were made to Plaintiff while he was located in this District. Although Plaintiff's telephone number is a 424 "Los Angeles" area code, the Defendants nevertheless contacted Plaintiff while he was located in this District, and Plaintiff

has resided in this district for at least five years. Plaintiff has not resided within the 424 Los Angeles area code for at least ten years.

31. The services of Defendants are available to Illinois residents.
32. Defendants target Illinois residents with telemarketing calls.
33. Defendants contacts with Illinois are substantial – they sent Plaintiff a retainer agreement to engage in legal services with the Plaintiff while knowing Plaintiff resides in Illinois and this district.
34. Defendants contacts with Illinois are beyond continuous and systematic.
35. Defendants purposefully directed their activities at this forum.
36. Indeed, at least one of the Defendants' lists on its website that it is a nationwide law firm.
37. Defendants at least knew that Plaintiff resided within this district after one of the telephone calls where they asked Plaintiff for his contact information and provided him with the retainer agreement, and then after that continued to make telemarketing calls to him.
38. If the Defendants were not purposefully doing business with Illinois residents, the lead generator would not have connected Plaintiff with the Defendants when making the telemarketing calls and finding out that Plaintiff was in Illinois.
39. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.
40. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.
41. Plaintiff is the account holder and customary user of his phone number.
42. Plaintiff was within this district when he received the telephone calls.
43. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.
44. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.
45. The calls alleged in this action were made for or on behalf of the Defendants, for the purpose of soliciting legal services, specifically water contamination and Camp Lejeune legal claims.

46. Plaintiff alleges that Defendants use, an at present unknown lead generator or call center to make telephone calls on behalf of one or more law firms who are looking for potential clients for legal claims such as Camp Lejuene.

47. The Defendants are aware of who the unknown lead generator would be.

48. The Defendants in this case are liable for the conduct alleged in this Complaint, because they would make money from any ultimate income obtained from any resulting legal claim brought by the Plaintiff under the retainer agreement. Indeed, 40% of it would go to some of the parties in this case.

49. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

50. **Call 1.** On or about July 3, 2023, at 10:00 AM Chicago time, Plaintiff received a telephone call from Defendants, or an agent acting on their behalf, from telephone number 800-831-9592.

51. Plaintiff missed Call 1.

52. Call 1 identified a caller ID of "Consumer Enroll" on Plaintiff's cell phone.

53. Plaintiff called the number back at 10:19 AM and received a message stating to leave a voicemail if one had a Camp Lejeune claim. Plaintiff did not leave a voicemail.

54. **Call 2.** On or about July 3, 2023, at 1:01 PM Chicago time, Plaintiff received a telephone call from Defendants, or an agent acting on their behalf, from telephone number 800-831-9592.

55. When Plaintiff picked up the phone, he had to state a greeting multiple times, and experienced a longer than natural pause, prior to being connected to a woman who stated she was calling regarding Camp Lejeune claims and stated she was with the consumer enrollment center. She provided a call back number of 800-628-7710. She also stated that the list which they call from is "totally automated."

56. A search of the call back number provided during Call 2 results in listings of complaints from other individuals who have received similar calls. For example, https://www.bbb.org/us/ca/temecula/profile/telemarketing-services/global-settlements-1066-850080214, "Complaint Type: Problems with Product/Service Status: Unanswered More info This company has called my cellphone numerous times, even though I am on the Federal Do Not Call list, trying to telemarket me some kind of legal services. I have asked them to stop several times, but they have ignored my request, and also ignored my request to speak to their legal council, saying that I actually gave them permission to call me, which I did not.

6

Regardless, they tried to call yet again today. At this point, the only way this will be resolved is if the company has their attorney or legal representation reach out to me at the above email or phone number. If no contact is received, I will be seeking significant legal action against them," and https://www.nomorobo.com/lookup/800-628-7710, https://800notes.com/Phone.aspx/1-800-628-7710.

57. A google search of this call back number also results in a listing for the website https://herniamesh.global-settlements.org/thankyou/, which as of this filing says "The requested URL was not found on this server."
58. An archived copy of the website https://www.global-settlements.org/, from June 22, 2021, available at https://web.archive.org/web/20210622111911/https://www.global-settlements.org/, includes the telephone number provided as a call back number.
59. The website archived above also states "Injury Professionals You Can Trust We will match you with a law firm that will provide a free case review to claimants who may have suffered complications due to harmful prescription drugs, medical devices or toxic products. Our Network of Attorneys have settled billions of dollars for clients who are fully dedicated to help you or a loved one, risk free," and "About Global Settlements We are dedicated to helping people who have been affected by drug injury or defective medical products find representation to help them with their drug injury lawsuit. Every year thousands of people are injured by a pharmaceutical drug or defective medical product. We specialize in providing consumers help evaluating if they have a legal case due to the harmful side effects caused by harmful drugs and medical products. Let our professional network of lawyers help you get the justice and possible financial compensation you deserve."
60. The website archived above also states "OUR NETWORK OF LAWYERS We have the experience of working with many of the top attorneys in the United States. Over the last 10 years, these law firms have settled billions of dollars for claimants just like you. It is our goal to place your case with the appropriate specialized Attorney, who will directly litigate this case on the front-line for you. You can rest assured you're paired with someone who is actively involved in the litigation for your particular drug injury lawsuit."
61. Plaintiff did not provide consent for any additional telephone calls during Call 2.
62. Call 2 identified a caller ID of "Consumer Enroll" on Plaintiff's cell phone.

7

63. **Call 3.** On or about July 3, 2023, at 4:05 PM Chicago time, Plaintiff received a telephone call from Defendants, or an agent acting on their behalf, from telephone number 800-831-9592.

64. Call 3 identified a caller ID of "Consumer Enroll" on Plaintiff's cell phone.

65. The telephone call terminated shortly after Plaintiff answered Call 3.

66. Plaintiff called the telephone number 800-831-9592 at about 5:54 PM on July 3, 2023.

67. Plaintiff's telephone call was made for investigatory purposes to identify the caller.

68. Plaintiff spoke to the representative, who ultimately sent Plaintiff a retainer agreement concerning Camp Lejeune claims.

69. The retainer agreement identifies that Robin Law PLLC, Pulaski Kherkher, PLLC and Robin Raynish PLLC, are the entities retained and "Attorney Michael K. Mithoff has been engaged as co-counsel by Robin Law PLLC on behalf of Client."

70. Although the retainer agreement identifies Robin Law PLLC, an Arizona entity, as a party to the agreement, Mr. Robin, licensed to practice in the State of Texas, lists Jeffrey Robin Law PLLC as the law firm associated with his bar license with the State Bar of Texas. https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=331867.

71. A video from August 12, 2022, https://www.youtube.com/watch?v=8YlqyA68BqM, is included as a link in the retainer agreement.

72. The video identified above, posted by Robin Law PLLC, has who appears to be Jeffrey Robin as the individual in the video.

73. The retainer agreement Plaintiff received was sent to Plaintiff via e-mail from the domain http://consumerenrollments.org.

74. The retainer agreement Plaintiff received was also sent to Plaintiff via text message from telephone number 833-267-9487.

75. The telephone number which sent the link for Plaintiff to sign the retainer agreement has comments from other individuals online concerning similar telemarketing. https://800notes.com/Phone.aspx/1-833-267-9487 ("Received text from this number about Camp Lejeune Claim Center. Part of Global-Settlements. Some cases are referred to the Milberg Law Firm.")

76. Plaintiff informed the representative that he would read the documents and would call back if he had any questions.

77. **Call 4.** On or about July 3, 2023, at 7:05 PM Chicago time, Plaintiff received a telephone call from Defendants, or an agent acting on their behalf, from telephone number 800-831-9592.

78. Call 4 identified a caller ID of "Consumer Enroll" on Plaintiff's cell phone.

79. Plaintiff missed Call 4.

80. A search online reveals that other individuals have gotten telemarketing calls and/or texts from this number. https://www.shouldianswer.com/phone-number/6282254844 and https://callfilter.app/16282254844.

81. The telephone calls alleged in this Complaint did not properly identify the caller consistent with the TCPA regulations. For example, the callers did not identify who "Consumer Enroll" or "Enrollments Center" is.

82. All the telephone calls above were advertising Plaintiff to retain the services of an attorney to bring legal claims against the government or other entities for alleged Camp Lejeune claims.

83. Plaintiff alleges the telephone calls were made by an Automatic Telephone Dialing System ("ATDS").

84. The use of an ATDS is evidenced by the admissions by the representative on the phone that the list they dial from is "totally automated," the longer than natural pauses during the call(s), the termination of the call after a few seconds during the call (likely because a representative was not available to connect the recipient with a live agent), and more.

85. Further evidence of the use of an auto dialer is that one of the parties website, https://pulaskilawfirm.com/practice-areas/camp-lejeune-toxic-water-contamination-claims/, includes a disclaimer of "By clicking 'Get My Free Case Review' and submitting my request, I confirm that I have read and agree to the privacy policy of this site and that I consent to receive emails, phone calls and/or text message offers and communications from Pulaski Kherkher, PLLC, and its network of lawyers and advocates at any telephone number or email address provided by me, including my wireless number, if provided. I understand there may be a charge by my wireless carrier for such communications. I understand these communications may be generated using an autodialer and may contain pre-recorded messages and that consent is not required to utilize Pulaski Kherkher, PLLC's services. I understand that

this authorization overrides any previous registrations on a federal or state Do Not Call registry. Accurate information is required for a free evaluation."

86. At least one of the Defendants specifically holds itself out to be a national law firm. "PULASKI KHERKHER, PLLC is located in Houston, Texas. We represent plaintiffs from across the United States, individually, and in class and mass actions." https://pulaskilawfirm.com/about/.

87. Plaintiff has never provided his consent to be called or texted to Defendants.

88. The conduct alleged in this action was made willful and knowingly.

89. Defendant's phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

90. Defendants did not have any consent to call Plaintiff.

91. Defendants are not an organization exempt from the TCPA.

92. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

93. The impersonal and generic nature of Defendants' calls shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) in making the call.

94. The longer than natural pause and the music playing prior to being greeted on the telephone demonstrate that the Defendants were utilizing an ATDS.

95. In total, Defendants' and/or its affiliates placed at least four (4) automated calls to Plaintiff.

96. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendants.

97. The foregoing acts and omissions were in violation of the TCPA.

98. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

99. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

100. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

101. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.
102. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.
103. Plaintiff is also entitled to an award of costs.
104. Defendants' calls were not made for "emergency purposes."
105. Defendants' calls to Plaintiff were made without any prior express written consent.
106. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.
107. The acts and/or omissions of Defendants' were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.
108. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.
109. Plaintiff, in discovery will identify additional telephone calls made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying.
110. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.
111. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.
112. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

113. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.
114. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least four (4) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

115. Plaintiff was statutorily damaged at least four (4) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone call described above, in the amount of $500.00 for each.
116. Plaintiff was further statutorily damaged because Defendants' willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and severally, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.

### Violations concerning TCPA implementing regulations, including Do Not Call Registry, 47 C.F.R. § 64.1200

117. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.
118. By placing at least four (4) telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, Defendants violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).
119. By placing at least four (4) telemarketing calls to the Plaintiff, without properly identifying themselves, Defendants violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).
120. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on its behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).
121. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).
122. This amounts to eight (8) violations since Defendants committed two (2) violations per call. The first violation is calling a number on the national Do-Not-Call registry. 47 C.F.R.

§ 64.1200(c)(2). The second violation is failing to properly identify themselves. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).

123. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

124. The Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5).

125. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and severally, in an amount of $12,000.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and severally, in an amount to be more fully determined at trial, but at least $18,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(c);

D. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(B);

F. All reasonable attorneys' fees, witness fees, court costs, pre- and post-judgment interest, and other litigation costs incurred by Plaintiff;

G. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Any other relief this Court deems proper.

Respectfully submitted,

Dated: July 4, 2023  /s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582